IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-6084 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| MASTERCARD INTERNATIONAL, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint against Mastercard International, Inc., and it's Chief Executive Officer, Robert Selander. Plaintiff alleges that defendants' actions led to his present unlawful incarceration and sentence. He seeks money damages for defendants' alleged violation of his "civil rights."

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to

G:\PRO-SE\MJJ\CR.07\riches42.dsm.wpd

make such determination, or called into question by the issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A civil claim based upon a conviction or sentence that has not been so invalidated is not cognizable. See id. at 487. The rationale and conclusion of Heck apply to cases brought by individuals, such as plaintiff, convicted in federal court, as well as state court. See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996). Plaintiff claims that defendants acted improperly and "entrapped him," and that he is "illegally sentenced from Defendant's doing." If these claims are proven true, the validity of his conviction and sentence would be called into question conviction. Accordingly, this action is barred until plaintiff's conviction has been reversed, expunged, set aside or otherwise called into question.

For the foregoing reasons, this action is hereby DISMISSED without prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED:   12/18/07

_____
MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.07\riches42.dsm.wpd         2